**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANATOLIY TSIRKUNOV;
KONSTANTIN YAKUBOVSKY,

  Petitioners,

  v.

ERIC H. HOLDER, Jr., Attorney General,

  Respondent.

No. 07-74723

Agency Nos.  A097-907-126
  A097-907-127

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:    BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

  Anatoliy Tsirkunov and Konstantin Yakubovsky, natives and citizens of

Belarus, petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's ("IJ") decision denying their

application for asylum, withholding of removal, and relief under the Convention

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the Real ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny the petition for review.

The IJ found petitioners not credible for a number of reasons, including inconsistencies between their testimonies regarding their July 2004 arrests and the date they left Belarus, and Yakubovsky's inconsistent testimony regarding when he was expelled from school. Substantial evidence supports the IJ's adverse credibility determination. *See id.* at 1040-44 (adverse credibility determination was reasonable under the Real ID Act's "totality of the circumstances"); *Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir. 2001) (adverse credibility determination supported in part based on inconsistencies relating to the events leading up to petitioner's departure). In the absence of credible testimony, petitioners' asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because petitioners' CAT claim is based on the same testimony found to be not credible, and petitioners do not point to any other evidence that shows it is more likely than not they would be tortured if returned to Belarus, their CAT claim

also fails. *See id.* at 1156-57. Petitioners' contention that the BIA erred by failing to separately analyze their CAT claim is belied by the record.

**PETITION FOR REVIEW DENIED.**